G. Terris Porter #003493
The Porter Law Offices, P.C.
1052 E. Deuce of Clubs
Show Low, AZ 85901
porterlaw@frontiernet.net
Attorney for Debtors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DONALD G. SOLOMON<br><br>and<br><br>MARTHA A. SOLOMON<br><br>                              Debtors. | Chapter 13<br><br>Case No. 2:09-BK-15087-CGC<br><br>**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A)   **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:
   <u>Months</u>         <u>Amount</u>

   **1 through 60   $1,206.34**

The payments are due on or before the 29th day of each month commencing July, 2009. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) <u>Other Property</u>.

*In re. Solomon*
*Case No. 2:09-BK-15087-CGC*

In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses</u>:

<u>Attorney Fees</u>. G. Terris Porter (The Porter Law Offices, P.C.) shall be allowed total compensation of $3,500.00. Counsel received $1,000.00 prior to filing this case and will be paid $2,500.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:

(a) Bank of America, LP fka Countrywide Home Loans Servicing, LP, secured by a first Deed of Trust in the Debtors' residence, shall be paid regular post-petition payments directly by the Debtors to the secured creditor outside the plan. The pre-petition arrearage of $26,203.05 through Debtors' Chapter 13 Plan.

(b) Bank of America, LP fka Countrywide Home Loans Servicing, LP, secured by a second Deed of Trust in the Debtors' residence, shall be paid regular post-petition payments directly by the Debtors to the secured creditor outside the plan. The pre-petition arrearage of $1,194.61 through Debtors' Chapter 13 Plan.

(3) <u>Claims Secured by Personal Property</u>: None.

(4) <u>Unsecured Priority Claims</u>: The Arizona Department of Revenue shall be paid the amount of $3,341.32 through Debtors' Chapter 13 Plan pursuant to its Second Amended Proof of Claim filed and dated July 29, 2010.

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

*In re. Solomon*
*Case No. 2:09-BK-15087-CGC*
Case 2:09-bk-15087-DPC   Doc 69   Filed 08/09/11   Entered 08/10/11 09:31:37   Desc
Main Document - Trustee Withdraws the Lodged Dismissal Order    Page 2 of 3

(a) Real estate located at 1260 South Falling Leaf Road, Show Low, Arizona.

(6) <u>Other Provisions</u>:

(a) The Debtors are instructed to remit all Plan payments on or before the monthly due date. When plan payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the plan term. Any funding shortfall must be cured before a discharge is entered. This requirement applies regardless of plan payment suspensions, waivers or moratoriums.

(b) The Plan and this order shall not constitute an informal proof of claim for any creditor.

(c) The Debtors are required to provide, directly to the Trustee within 30 days after the returns are filed, a copy of the federal and state income tax returns for the following years: 2010, 2011, and 2012.

(d) Unsecured creditors will be paid a minimum estimated amount of $32,561.42 through Debtors' Chapter 13 Plan.

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---

ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

*RBrown*

Russell Brown
cn=Russell Brown, o=Chapter 13
Trustee, ou,
email=mail@ch13bk.com, c=US
2011.07.22 08:35:01 -07'00'

Russell Brown, Trustee

*/s/ G. Terris Porter/*

G. Terris Porter, Esq.
Attorney for Debtors

*In re. Solomon*
*Case No. 2:09-BK-15087-CGC*